(November 2, 1914.)

## JOHN DAVIES et al., Plaintiffs, v. BOARD OF COUNTY COMMISSIONERS OF NEZ PERCE COUNTY, Defendants.

[143 Pac. 945.]

WRIT OF MANDATE—COUNTY BOARD OF CANVASSERS—SPECIAL ELECTION—CANVASS OF ELECTION RETURNS—STATUTORY CONSTRUCTION—OPENING OF BALLOT-BOX.

1. Where the county board of canvassers rejects certain returns from certain precincts on account of informality, ambiguity or uncertainty, under the provisions of sec. 448, Rev. Codes, the returns rejected must be delivered by the board to the sheriff of the county, who must proceed at once to summon and call together the judges of election of such precinct and inform them that the return made by them has been rejected, and it is made the duty of such judges to meet publicly at the place where the election was held in such precinct and at once proceed to put said returns in due form and certify the same, and for the purpose of so doing they may have

the ballot-box brought in and opened in their presence and the contents thereof inspected, and when such returns have been duly corrected, they must be delivered into the hands of the sheriff.

2. Sec. 442, Rev. Codes, provides what must be done by the judges of election after the canvass of the votes, and further provides that the poll-box and ballots must be kept with the seal unbroken for at least eight months, unless the same is required as evidence in a court of law in any case arising under the election laws of the state, and then only when the judge having the ballot-box in charge is served with a subpoena to produce the same.

3. *Held*, that the provisions of said section are applicable when the returns are properly made and are not returned to the judges for correction. In that case the ballot-box must not be opened except as directed in said section; but where returns have been rejected, as provided by statute, and returned to the judges of election for correction, they may, under the provisions of sec. 448, open the ballot-box for the purpose of correcting the returns.

4. *Held*, that the provisions of secs. 442 and 448 must be construed together in order to ascertain and carry out the true intention of the legislature.

5. *Mandamus* will lie in a proper case to compel action on the part of a canvassing board, but it will not direct what the result of their action must be.

Original application in this court for a writ of mandate to compel the county commissioners as a board of canvassers of election returns to reassemble and announce the result of the election in a different manner and to a different effect from that which they had already announced and entered of record such announcement. Writ *denied*.

E. O'Neill, P. E. Stookey and F. L. Ulen, for Petitioners.

When it is shown, as in our petition alleged, that the board has not performed the duty imposed upon them by law, of canvassing the legal returns, to wit, those which must be returned under the provisions of sec. 339, Rev. Codes, they have not performed their duty and the court has jurisdiction to compel them to recanvass and perform their duty, and they have no right to canvass changed returns. (*State ex rel. Rice v. Marshall County Judge*, 7 Iowa, 186; *State ex rel. Romig v. Wilson*, 24 Neb. 139, 38 N. W. 31; *State ex rel. Will-*

*ard v. Stearns,* 11 Neb. 104, 7 N. W. 743; *People ex rel. Mc-Cauley v. Brooks,* 16 Cal. 11; *State v. Pigott,* 97 Miss. 599, 54 So. 257, Ann. Cas. 1912C, 1254; *State ex rel. Whittemore v. Peacock,* 15 Neb. 442, 19 N. W. 685; *Welty v. McFadden,* 46 Neb. 668, 65 N. W. 800.)

• "A board authorized to issue the writ of *mandamus* may compel the board of canvassers to discharge their duties by canvassing the lawful returns, leaving all questions as to the validity of the returns for election to the proper tribunal." (*State v. Van Camp,* 36 Neb. 9, 91, 54 N. W. 113.)

C. L. McDonald, D. E. Hodge, G. W. Tannahill and M. S. Johnson, for Respondents.

It is a well-settled principle of law that the courts will not, by *mandamus,* direct an inferior tribunal to act in a certain way. (*Board of Commissioners v. Mayhew,* 5 Ida. 572, 51 Pac. 411; *Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573.)

This court has also held that the board of commissioners has jurisdiction to send the returns back to the judges for correction. (*Lansdon v. State Board of Canvassers,* 18 Ida. 596, 111 Pac. 133.)

"Courts of equity have no inherent power to try contested elections." (*Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26; 15 Cyc. 397; *Nims v. Gilmore,* 17 Ida. 609, 107 Pac. 79.)

In this case the petition shows that the board of canvassers has performed the very act sought to be commanded by the writ, but the result obtained by such performance is what has displeased the petitioners, and not the failure to perform, and *mandamus* cannot lie to afford them any relief. (*State v. Carney,* 3 Kan. 88; *Sharpless v. Buckles,* 65 Kan. 838, 70 Pac. 886; *Rosenthal v. State Board of Canvassers,* 50 Kan. 129, 32 Pac. 129, 19 L. R. A. 157; *State ex rel. Harmon v. Hammel* (Ala.), 11 So. 892; *Bach v. Spencer,* 24 Ky. Law Rep. 354, 68 S. W. 442; *People ex rel. Wilson v. Mattinger,* 212 Ill. 530, 72 N. E. 906; *Booe v. Kenner,* 105 Ky. 517, 20 Ky. Law Rep. 1343, 49 S. W. 330; *State ex rel. Ingerson v. Berry,* 14 Ohio St. 315; *Roberts v. Marshall,* 33 Okl. 716, 127 Pac. 703; *Mad-*

*den v. Moore,* 228 Pa. 503, 77 Atl. 821; *Orman v. People ex rel. Cooper,* 18 Colo. App. 302, 71 Pac. 430; 26 Cyc. 277.)

"The writ will not issue . . . . where *quo warranto* or a statutory writ of contest or other proceedings at law affords a specific adequate remedy." (*Wright v. Kelley,* 4 Ida. 624, 43 Pac. 565; *Jolly v. Woodward,* 4 Ida. 496, 42 Pac. 512; *Pyke v. Steunenberg,* 5 Ida. 614, 51 Pac. 614; *Blomquist v. Board of Commrs.,* 25 Ida. 284, 137 Pac. 174; *Chemung Min. Co. v. Morgan,* 11 Ida. 232, 81 Pac. 384.)

SULLIVAN, C. J.—This is an application for a writ of mandate to compel the board of county commissioners as a board of canvassers of the election returns of a special election held on May 27, 1914, in Nez Perce county, to reassemble and announce and enter of record the result of said election as claimed by plaintiffs. A demurrer to the petition has been submitted by the defendants.

The petition clearly shows that said board has canvassed the returns of said election; but it is contended that the returns canvassed by the board and the result announced therefrom are not correct returns nor the correct result.

It appears that said board has acted in said matter and in acting rejected some of the returns on account of informality, ambiguity or uncertainty, and placed them in the hands of the sheriff under the provisions of sec. 448, Rev. Codes, and he returned them to the proper precinct election officers for correction, and such election officers proceeded to correct such returns and for that purpose they opened the ballot-box as they were clearly authorized to do by the provisions of said sec. 448. But it is contended that the election officers had no authority to open such boxes under the provisions of sec. 442, Rev. Codes.

We concede that, but they were not acting under the provisions of that section, but were acting under the provisions of sec. 448, which gave them authority to open the ballot-box in correcting the returns.

The provisions of sec. 442, as amended by Laws of 1913, p. 379, apply when the returns are properly made out and

not returned for correction, but when sent back for correction, under the provisions of sec. 448 the ballot-box may be opened for the correction of the returns.

The provisions of secs. 442 and 448 must be construed together in order to ascertain and carry out the true intent of the legislature. Under the provisions of sec. 448, the board of canvassers had authority to reject the returns for the causes mentioned in said sec. 448, and return them for correction. The allegations of the petition show they did just what that section authorizes them to do. The main contention of the petitioners, however, is that the election judges had no right to open the ballot-boxes for the correction of said returns. That contention is without merit, since sec. 448 authorizes them to open the ballot-box for that purpose.

A writ of mandate is for the purpose of compelling the performance of an act which the law especially enjoins as a duty resulting from an office, trust or station; but the writ cannot be used to correct errors made in passing upon questions regularly submitted to a board for its determination, provided it keeps within the law. The writ will not lie for the purpose of having the action of a canvassing board declared incorrect and to compel it to recanvass the votes and change the result from what it originally determined. *Mandamus*, however, will lie in a proper case to compel action on the part of a canvassing board, but it cannot direct what the result of the action must be.

This view of the matter disposes of this case without entering into a discussion of the other points raised. We therefore conclude that the demurrer must be sustained and the writ denied. Costs are awarded to the defendants.

Truitt, J., concurs.